IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYLE E. NORBERT,

    Petitioner,

  v.

T. FELKER, Warden,

    Respondent

No. C 07-2074 MMC

**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

    Before the Court is Lyle E. Norbert's petition for a writ of habeas corpus, filed April 12, 2007, pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    Petitioner "was convicted following a jury trial [in Alameda County Superior Court] of second degree murder (Pen. Code § 187), evading a peace officer causing death or serious bodily injury (Veh. Code § 2800.3), possession of concentrated cannabis (Health & Saf. Code § 11357, subd. (a)), and sale or transportation of marijuana (Health & Saf. Code § 11360, subd. (a))." See People v. Norbert, 2005 WL 2328792, *1 (Cal. App. 2005), cert. denied, 126 S. Ct. 1787 (2006). "He was sentenced to an aggregate indefinite term of 15 years to life in state prison." Id. On September 23, 2005, the California Court of Appeal affirmed the judgment. See id. On January 4, 2006, the California Supreme Court denied review, (see Mem. of P. & A. in Support of Petition at 1:23-24), and, on April 17, 2006, the

United States Supreme Court denied a petition for a writ of certiorari, (see id. at 1:24-26).

## DISCUSSION

### A. Legal Standard

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. Petitioner's Claims

In his petition, petitioner makes the following claims: (1) petitioner was "denied due process when the trial court declined to instruct upon the defense theory of vehicular manslaughter"; (2) petitioner was "denied due process when the trial court gave defective instructions upon the distinction between murder and involuntary manslaughter"; (3) "[t]he trial court's instruction on prior uncharged crimes violated due process by impermissibly lowering the state's burden of proof on the murder charge"; (4) petitioner "was denied due process by the admission of evidence of five other crimes"; and (5) "[t]he cumulative effect of the errors at trial was to deny [petitioner] due process." (See Petition at B.) Petitioner alleges that each of the above claims has been "fully exhausted." (See id.)

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted,

or, alternatively, to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, and a supporting memorandum of points and authorities.

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition, and the Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of service of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a reply.

**IT IS SO ORDERED.**

Dated: April 23, 2007

_____
MAXINE M. CHESNEY
United States District Judge