**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE E. NORBERT,<br><br>    Petitioner,<br><br>  v.<br><br>T. FELKER, Warden<br><br>    Respondent.                  / | No. C 07-2074 MMC (PR)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

      On November 18, 2008, the Court denied petitioner Lyle E. Norbert's petition for a writ of habeas corpus and, on November 25, 2008, the Clerk of the Court entered judgment on the Court's order. Now before the Court is petitioner's "Application for a Certificate of Appealability from District Court," filed December 22, 2008, and "Application to Proceed In Forma Pauperis," also filed December 22, 2008. Having read and considered the applications and the file in this matter, the Court rules as follows.

      A district court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner is entitled to a certificate of appealability if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

In his application, petitioner identifies four issues and asserts, in a conclusory manner, that a certificate of appealability should be issued as to each such issue. Petitioner fails, however, to explain why the Court's resolution as to any of the four issues can be characterized as "debatable or wrong." See id.  Nor does the Court, having reviewed the order denying the petition, find the order to be one that a reasonable jurist would find debatable or wrong.

In its November 18, 2008 order, the Court found as follows:

(1) Petitioner failed to show he was entitled, as a matter of federal law, to an instruction on a "lesser related" offense, because the United States Supreme Court has determined that a criminal defendant has no federal right to be instructed on a lesser related, as opposed to a lesser included, offense. See Hopkins v. Reeves, 524 U.S. 88, 96-97 (1998) (upholding Nebraska law requiring "instructions only on those offenses that have been deemed to constitute lesser included offenses of the charged crime"; holding, "[w]e have never suggested that the Constitution requires anything more").

(2) Petitioner failed to show the California Court of Appeal, in rejecting petitioner's claim that the jury was given erroneous instructions pertaining to involuntary manslaughter, unreasonably applied the holding of Estelle v. McGuire, 502 U.S. 62 (1991); rather, the Court of Appeal properly applied Estelle by considering the challenged instruction "in the context of the instructions as a whole and the trial record," see id. at 72.

(3) Petitioner failed to show any error with respect to the giving of limiting instructions pertaining to the jury's use of petitioner's prior criminal conduct, failed to show the Court of Appeal erred in presuming the jury followed such instructions, and, even assuming, arguendo, the jury disregarded those instructions, failed to show any federal law established by the United States Supreme Court precludes the prosecution from offering evidence of a defendant's prior criminal conduct to prove propensity to commit a charged crime. See id. at 75 (identifying issue, but "express[ing] no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime").

    (4) Petitioner failed to show the Court of Appeal erred in finding the instructions pertaining to the burden of proof contained no misstatement of law and were not misleading; petitioner failed to identify in his petition any mistatement of law in the instructions regarding the burden of proof, and, indeed, the trial court gave an instruction that succinctly and correctly advised the jury as to the burden of proof. See RT 1343:3-8.

    Having considered the matter anew, the Court does not find reasonable jurists could come to a contrary conclusion as to any of the four issues identified above. Accordingly, petitioner's application for a certificate of appealability is hereby DENIED.

    Petitioner has demonstrated, however, that he is unable to pay the requisite $455 fee to file a notice of appeal from the judgment, and there is no indication petitioner is proceeding in bad faith. Accordingly, petitioner's application to proceed in forma pauperis on appeal is hereby GRANTED.[1]

    The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also request issuance of a certificate of appealability. See Fed. R. App. Proc. 22 (b)(1).

    **IT IS SO ORDERED.**

Dated: December 30, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] See 28 U.S.C. § 1915(a)(3) (providing appeal may not be taken in forma pauperis where appeal "not taken in good faith"); see, e.g., Brittain v. Mayberg, 286 Fed. Appx. 444, 444-45 (9th Cir. 2008) (granting habeas petitioner's motion to proceed in forma pauperis on appeal, even though certificate of appealability had been denied and "questions raised [on] appeal [were] so insubstantial as to not require further argument").

3